## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES -- GENERAL

Case No.   **CV 18-9613-JFW(AGRx)**                    Date:  January 10, 2019

Title:     Ra'chel King -v- Wal Mart Stores, Inc., et al.

**PRESENT:**

### HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

    **Shannon Reilly**                    **None Present**
    **Courtroom Deputy**               **Court Reporter**

**ATTORNEYS PRESENT FOR PLAINTIFFS:**    **ATTORNEYS PRESENT FOR DEFENDANTS:**
           None                                None

**PROCEEDINGS (IN CHAMBERS):**      **ORDER DENYING PLAINTIFF RA'CHEL KING'S MOTION TO REMAND TO STATE COURT [filed 12/11/18; Docket No. 12]**

On December 11, 2018, Plaintiff Ra'chel King ("Plaintiff") filed a Motion to Remand to State Court ("Motion").  On December 21, 2018, Defendant Wal-Mart Stores, Inc. ("Defendant") filed its Opposition.  Plaintiff did not file a Reply.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.  The hearing calendared for January 14, 2019 is hereby vacated and the matter taken off calendar. After considering the moving and opposing papers, and the arguments therein, the Court rules as follows:

### I.     Factual and Procedural Background

On March 14, 2018, Plaintiff filed a Complaint against Defendant in Los Angeles Superior Court, alleging claims for premises liability and general negligence.  On June 13, 2018, Defendant filed its Answer and subsequently propounded discovery on Plaintiff.  On August 8, 2018, Defendant received Plaintiff's responses to its Form Interrogatories, Set One.  Plaintiff's response to Form Interrogatory No. 2.5 indicated that she was a resident of California.  In order to confirm that Plaintiff was not only a resident, but also a citizen of California, Defendant noticed Plaintiff's deposition and propounded further discovery, Request for Admission, Set Two.[1]  Plaintiff was deposed on October 15, 2018.  On October 23, 2018, Defendant received Plaintiff's responses to

---

[1]  It was necessary to confirm Plaintiff's citizenship, rather than merely her residency, before removing the case based on diversity jurisdiction because "the diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency."  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

Initials of Deputy Clerk  _sr_

its Request for Admission, Set Two. Both Plaintiff's deposition testimony and her response to the Request for Admission, Set Two indicated that Plaintiff was not only a resident, but also a citizen of California.

On November 14, 2018, Defendant filed a Notice of Removal, removing this action to this Court. In its Notice of Removal, Defendant alleged that this Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1332(a).

## II. Legal Standard

A motion to remand is the proper procedure for challenging removal. *See N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir.1995). The removal statute is strictly construed, and any doubt about the right of removal is resolved in favor of remand. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992); *see also Prize Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1265 (9th Cir.1999). Consequently, if a plaintiff challenges the defendant's removal of a case, the defendant bears the burden of establishing the propriety of the removal. *See Gaus*, 980 F.2d at 566; *see also Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir.1996) (citations and quotations omitted) ("Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance*").*

## III. Discussion

A complaint must be removed "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based" or, where the initial pleading is not removable, "within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). A plaintiff's deposition and discovery responses may constitute "other paper" for purposes of Section 1446(b). *See Santos v. SMX, LLC*, 2017 WL 2825924 (C.D. Cal. June 29, 2017).

In this case, the Complaint does not state or otherwise indicated Plaintiff's citizenship.[2] In *Harris v. Bankers Life & Casualty Co.*, the Ninth Circuit determined that in cases where "it is unclear from the complaint whether the case is removable," a defendant does not have the duty to investigate – either its own records or otherwise – a basis for removal, and, thus, the thirty-day removal clock in those cases is not triggered by service of the summons and complaint on the defendant. 425 F.3d 689, 692-93 (9th Cir. 2005) (holding that "a bright-line approach" served the jurisdictional and procedural interests of bringing certainty and predictability to the process, avoiding gamesmanship in pleading, and "avoid[ing] the spectre of inevitable collateral litigation over whether the pleadings contained a sufficient 'clue,' whether defendant had subjective knowledge, or whether defendant conducted sufficient inquiry"). Instead, the Ninth Circuit held that

---

[2] Diversity jurisdiction founded under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000. *See* 28 U.S.C. § 1332. The parties do not dispute that the amount in controversy exceeds $75,000 and that Defendant is a citizen of Delaware and Arkansas.

Initials of Deputy Clerk  _sr_

"notice of removability under § 1446(b) is determined through the four corners of the applicable pleadings." *Id.* at 694. Therefore, "[i]f no ground for removal is evident in [the initial] pleading, the case is 'not removable' at that stage. In such a case, the notice of removal may be filed within thirty days after the defendant receives 'an amended pleading, motion, order or other paper' from which it can be ascertained from the face of the document that removal is proper." *Id*. Under *Harris*, the notice of removability was triggered only by Plaintiff's deposition testimony and response to Defendant's Request for Admission, Set Two regarding her citizenship and, therefore, Defendant's Notice of Removal was timely and proper.

## IV.    Conclusion

For all the foregoing reasons, Plaintiff's Motion is **DENIED**.

IT IS SO ORDERED.

Initials of Deputy Clerk  _sr_